Filed 3/20/23 P. v. Washington CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RODERICK NATHANIEL WASHINGTON,<br><br>　　　Defendant and Appellant. | B322529<br><br>(Los Angeles County Super. Ct. No. GA086242) |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal; Roderick Washington, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2013, a jury found Roderick Nathaniel Washington guilty of forgery, identity theft, and second degree commercial burglary. (Pen. Code, §§ 470, subd. (b), 530.5, subd. (a), 459.) He was sentenced to the upper term of three years in prison for the identity theft, and has completed the sentence.

### 1. Prior *Wende*[1] Appeal

On October 30, 2017, Washington applied to have his identity theft and burglary convictions redesignated as misdemeanors under Proposition 47, the Safe Neighborhoods and Schools Act, which reclassified as misdemeanors certain low-level theft offenses that previously had been felonies or "wobblers," and allowed defendants who had been convicted of those offenses and had served out their sentences to petition for redesignation of their convictions as misdemeanors. (Pen. Code, § 1170.18, subd. (f).) The trial court denied Washington's application because the convictions were ineligible for redesignation under Proposition 47. Washington appealed from the denial of his application.

Washington's appointed appellate counsel filed a brief raising no issues, and Washington filed no supplemental brief. Accordingly, we affirmed the trial court's order denying his petition. (*People v. Washington* (Aug. 31, 2018, B285292) [nonpub. opn.].)

### 2. Current *Wende* Appeal

On March 21, 2022, Washington filed a motion to correct the abstract of judgment and reduce his conviction to a misdemeanor. The trial court denied the petition to reduce the conviction because Washington again presented no evidence of

---

[1] *People v. Wende* (1979) 25 Cal.3d 436, 441.

2

the value of the property associated with the crimes of which he was convicted.

Washington appeals, and we appointed counsel to represent him. After examining the record, counsel filed a brief raising no issues and asking this court to independently review the record. We sent letters to Washington and to appointed counsel, directing counsel to forward the appellate record and brief to Washington and advise him that he had 30 days to personally submit any contentions or issues he wished us to consider.

Washington filed a supplemental brief in which he contests the propriety of his initial arrest but makes no argument regarding the value of the property associated with his crimes.

### 3.    Discussion

Redesignation under Proposition 47 is available only for those felony offenses that were reclassified under Proposition 47 as misdemeanors. Identity theft was not reclassified. Although commercial larceny of property worth no more than $950, i.e., shoplifting, was reclassified as a misdemeanor, nothing in the record suggests Washington's second degree burglary offense was for shoplifting.

For these reasons, Washington is ineligible to have his felony conviction redesignated as a misdemeanor.

We have otherwise examined the entire record and conclude that Washington's counsel complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende, supra,* 25 Cal.3d at p. 441. No arguable issues exist.

3

## DISPOSITION

The order denying Washington's Proposition 47 petition for redesignation of his offenses is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

4